```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION

BRANCH BANKING AND TRUST        }
COMPANY,                        }
                                }
     Plaintiff and              }   CIVIL ACTION NO.
     Counterclaim-Defendant,    }   2:14-CV-01578-WMA
                                }
v.                              }
                                }
EBR INVESTMENTS LLC, et al.,    }
                                }
     Defendants and             }
     Counterclaim-Plaintiffs.   }
```

## MEMORANDUM OPINION

Before the court are various motions relating to the answer and counterclaim filed on October 17, 2014 by defendants EBR Investments, LLC ("EBR"), Stewart Dudley ("Dudley"), and SRD Assurance Corporation ("SRD") (Doc. 13). It is undisputed by the parties that EBR executed and delivered to plaintiff Branch Banking and Trust Company ("BB&T") a promissory note with guarantees by Dudley and SRD. (Doc. 1 at 4-6; Doc. 13 at 2-3). Defendants allege in their counterclaim that the loan at issue was obtained for the purchase of eighteen condominiums in a real estate development project by EBR that soured with the deterioration of the real estate market in Fall of 2006. (Doc. 13 at 11). Defendants allege that Colonial Bank, the predecessor to plaintiff, orally agreed that the loan would be extended and renewed until the purchased condominiums were sold. (Doc. 13 at 12). Defendants further allege that the subsequent actions of Colonial Bank and

1

BB&T, actually extending and renewing the loan in the years following, evidences the parties' oral agreement. (Doc. 13 at 12-13).

On November 11, 2014, BB&T moved to dismiss defendants' counterclaim (Doc. 20), moved to strike defendants' jury demand (Doc. 21), and moved to strike certain affirmative defenses interposed by defendants (Doc. 22). On November 14, 2014, defendants moved to strike BB&T's motion to dismiss (Doc. 24).

For the reasons stated below, defendants' motion to strike BB&T's motion to dismiss will be denied, BB&T's motion to dismiss defendants' counterclaim will be granted, BB&T's motion to strike defendants' jury demand will be granted, and BB&T's motion to strike certain of defendants' affirmative defenses will be denied.

I. **Defendants' motion to strike plaintiff's motion to dismiss**

Defendants move to strike BB&T's motion to dismiss their counterclaim pursuant to Federal Rule of Civil Procedure 12(f), arguing that plaintiff cannot pursue discovery and a motion to dismiss without either the motion to dismiss being deemed withdrawn or the discovery stayed (Doc. 24 at 3).

While judicial economy may at times warrant otherwise, a federal district court is capable of simultaneously considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and managing discovery. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997). Specifically, Rule 12(i)

merely requires that a Rule 12(b)(6) motion "must be heard and decided before trial unless the court orders a deferral until trial." Fed. R. Civ. Proc. 12. While the better practice may be to obtain a ruling on a motion to dismiss before discovery begins, there "is no requirement that this be done." *United States v. Marion*, 562 F.3d 1330, 1342 (11th Cir. 2009). Furthermore, Federal Rule of Civil Procedure 8 "expressly permits the pleading of both alternative and inconsistent claims." *United Technologies Corp. v. Mazer*, 556 F.3d 1260, 1273 (11th Cir. 2009).

Plaintiff's discovery requests do not constitute a waiver of its motion to dismiss. And defendants have not provided any reason why discovery should be stayed beyond their errant construction of the Federal Rules of Civil Procedure.

## II.  BB&T's motion to dismiss

BB&T moves to dismiss defendants' counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6). "A motion to dismiss a counterclaim under Rule 12(b)(6) is treated the same as a motion to dismiss a complaint" *Masterbuilt Mfg., Inc. v. Bruce Foods Corp.*, 2013 WL 5328367, at *1 (N.D. Ala. Sept. 20, 2013) (quoting *Fabricant v. Sears Roebuck*, 202 F.R.D. 306, 308 (S.D.Fla.2001)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**A.   Statute of Frauds**

This case involves an alleged oral agreement(Doc. 13 at 12-13). The parties agree[1] that subsection (7) of the Alabama statute of frauds is the applicable statute, which extends the general writing and subscription requirements to "[e]very agreement or commitment to lend money, delay or forebear repayment thereof or to modify the provisions of such an agreement or commitment except for consumer loans with a principal amount financed less than $25,000."[2]  Ala. Code § 8-9-2(7). Defendants argue however, that the alleged oral agreement is not void because it falls within a "part performance" exception to the statute of frauds. (Doc. 31 at 2-4).

Although Alabama courts have long recognized a "part performance" exception to the statute of frauds under Ala. Code § 8-9-2(5) for oral agreements to buy or sell land, *Darby v. Johnson*, 477 So. 2d 322, 326 (Ala. 1985), Alabama courts have declined to expand[3] the exception beyond subsection (5). *Mantiply v. Mantiply*,

---

[1] Under Alabama law, the statute of frauds is an affirmative defense and the party "invoking it bears the burden of proving that the contract meets the stated criteria of the statute." *Ex parte Ramsay*, 829 So. 2d 146, 154 (Ala. 2002).

[2] None of the parties dispute that the principal amount financed in this case exceeds $25,000.(Doc. 1 at 4; Doc. 13 at 2).

[3] See *Durham v. Harbin*, 530 So. 2d 208, 212 (Ala. 1988) ("We are not wholly deaf to the strong arguments by the commentators favoring a judicial admission exception to the Statute [of Frauds], and, in a proper case, might be inclined to consider

4

951 So. 2d 638, 652-53 (Ala. 2006). The alleged contract at issue here squarely falls within the domain of Ala. Code § 8-9-2(7), a subsection with no recognized "part-performance" exception. Even though the agreement incidentally relates to the sale of eighteen condominiums, it is not a land sale contract within the contemplation of Ala. Code § 8-9-2(5), nor does it even satisfy that subsection's two payment or possession requirements necessary for the "part-performance" exception to apply.[4] Further, this case is not the proper one for expanding the "part-performance" exception to the Alabama statute of frauds. See *Ed Peters Jewelry Co. v. C & J Jewelry Co.*, 124 F.3d 252, 262-63 (1st Cir. 1997) (noting that a federal forum is not the place for "trailblazing" novel theories of state law).

Therefore, the statute of frauds bars defendants' counterclaim

---

whether the legislative intent behind the Statute of Frauds favors such a construction. This case, however, is not the case in which to do so."); *Rentz v. Grant*, 934 So. 2d 368, 373 (Ala. 2006) ("There is, however, one exception—the "partial performance" exception—that will withdraw oral agreements for the sale of land from applicability of the Statute of Frauds."); *Fausak's Tire Ctr., Inc. v. Blanchard*, 959 So. 2d 1132, 1143 (Ala. Civ. App. 2006)("We conclude, however, that the two admissions . . . do not make this the "proper case" in which to adopt a judicial-admission exception to the Statute of Frauds . . . [because] the intent behind our legislature's amending § 8-9-2 to add subsection (8) cannot support the adoption of a judicial-admission exception to that subsection.").

[4] Ala. Code § 8-9-2(5) provides that "[e]very contract for the sale of lands, tenements, or hereditaments, or of any interest therein, except leases for a term not longer than one year, unless the purchase money, or a portion thereof is paid and the purchaser is put in possession of the land by the seller."

insofar as it relies on an alleged oral agreement.

Specifically, counts I, III, IV, V, VI, and VII of defendants' counterclaim rely on the alleged oral agreement and therefore must be dismissed pursuant to Rule 12(b)(6). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Count I fails to state a claim for declaratory judgment because the declaration requested by defendants requires the existence of the oral contract barred under the statute of frauds. (Doc. 13 at 1). Count II fails to state a claim for misrepresentation/promissory fraud/fraud in the inducement because since the "oral promise . . . is void by operation of the Statute of Frauds [it] will not support an action against the promisor [sic] for promissory fraud." *Deutsche Bank Trust Co. Americas v. Garst*, 989 F. Supp. 2d 1194, 1204 (N.D. Ala. 2013) (quoting *Bruce v. Cole*, 854 So.2d 47, 58 (Ala.2003)). Count IV fails to state a claim for breach of contract because it requires the existence of an underlying contract and the statute of frauds destroys the only alleged contract, which is oral.(Doc. 13 at 15-16; Doc. 31 at 7). Count V fails to state a proper claim for promissory estoppel (Doc. 13 at 16-17) "because the "agreement" [defendants] depend[] upon does not meet the requirements set forth in Alabama's Statute of Frauds." *Deutsche Bank Trust Co. Americas* at 1205. Count VI fails to state a justiciable claim for equitable estoppel (Doc. 13 at 17-18) because "a party may not avoid the effect of the Statute of Frauds by framing the claim as one

6

alleging promissory fraud or by invoking the historical fraud-in-the-inception exception to the Statute of Frauds." *DeFriece v. McCorquodale*, 998 So. 2d 465, 471 (Ala. 2008). Count VII fails to state a claim for conspiracy because the underlying torts relied upon in counts III, IV, V, and VI (Doc. 13 at 18) are themselves all barred by the Alabama statute of frauds. *Goolesby v. Koch Farms, LLC*, 955 So. 2d 422, 430 (Ala. 2006) ("[a] civil conspiracy cannot exist in the absence of an underlying tort.").

Therefore, counts I, III, IV, V, VI, and VII of defendants' counterclaim must be dismissed for failing "to contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal* at 678 (quoting *Twombly* at 570).

**B.   Fraudulent suppression**

The first element of a fraudulent suppression claim requires the showing of a duty to disclose. *Bama Budweiser of Montgomery, Inc. v. Anheuser-Busch, Inc.*, 611 So. 2d 238, 245 (Ala. 1992). "In the absence of special circumstances, Alabama law considers the lender-borrower relationship to be arms-length and does not place a duty of disclosure on the lender." *Buckentin v. SunTrust Mortgage Corp.*, 928 F. Supp. 2d 1273, 1285 (N.D. Ala. 2013) (citing *Bank of Red Bay v. King*, 482 So.2d 274, 285 (Ala.1985)). "When both parties are intelligent and fully capable of taking care of themselves and dealing at arm's length, with no confidential relations, no duty to disclose exists when information is not requested, and mere silence

is then not a fraud." *Bank of Red Bay* at 285.

In this case, the parties were not under any special duty to disclose. While defendants allege certain informational asymmetries (Doc. 31 at 5-6), "[t]here was no weakness of age, no lack of mental strength, and no absence of business intelligence." *Baylor v. Jordan*, 445 So. 2d 254, 256 (Ala. 1984). Rather, defendants and plaintiff are all sophisticated parties engaged in a lending transaction related to a commercial real estate development project, without any special duty to disclose.

Therefore, count II must be dismissed because defendants have failed to plead the first element of a proper claim for fraudulent suppression.

**C.   Negligent and wanton mortgage servicing**

Numerous federal courts, including the undersigned, have concluded that "Alabama law 'does not recognize a cause of action for negligent or wanton mortgage servicing.'" *Duke v. JPMorgan Chase Bank Nat. Ass'n*, 2014 WL 5770583, at *4 (N.D. Ala. Nov. 5, 2014) (quoting *Blake v. Bank of America, N.A.*, 845 F.Supp.2d 1206, 1210 (M.D.Ala.2012)); see *Deutsche Bank Trust Co. Americas* at 1205. Specifically, under Alabama law, "negligent failure to perform a contract . . . is but a breach of the contract." *Vines v. Crescent Transit Co.*, 264 Ala. 114, 85 So.2d 436, 440 (1956). Furthermore, "damages for mortgage servicing are typically economic, while tort liability more appropriately seeks compensation for personal injury

8

and property damage." *Deutsche Bank Trust Co. Americas* at 1205.

Because no cause of action for negligent and wanton mortgage servicing exists under Alabama law, count VIII must be dismissed for failing to state a claim for relief.

### D. Breach of implied duty of good faith

"Although every contract contains either an express or an implied covenant that the parties will act in good faith in performing the contract, in Alabama only insurance contracts give rise to a duty imposed by law on which a tort claim for bad faith performance can be based." *Grant v. Butler*, 590 So. 2d 254, 256 (Ala. 1991). "[T]here is no contractual cause of action for breach of an implied duty of good faith that nebulously hovers over the contracting parties, free from the specific terms of the contract." *Lake Martin/Alabama Power Licensee Ass'n, Inc. v. Alabama Power Co.*, 601 So. 2d 942, 945 (Ala. 1992).

The contract at issue is not an insurance contract, nor do defendants allege any specific term of the contract or other basis in law for breach of an express or implied duty of good faith and fair dealing. Therefore, Count IX fails to state a claim upon which relief can be granted.[5]

---

[5] The court is aware that defendants did not specifically respond to plaintiff's Rule 12(b)(6) motion on count IX, however unlike summary judgment, this court is persuaded that failure does not automatically constitute a concession entitling plaintiff to dismissal. *Gadson v. Alabama Dep't of Corr.*, 2013 WL 5230241, at *2 (N.D. Ala. Sept. 17, 2013) ("the Court will review the merits of the [movant]'s position and, if it is clearly

**E.     Jury trial**

Because defendants have unequivocally waived their right to trial by jury, plaintiff's motion to strike defendants' request for a jury trial will be granted. (Doc. 1 at 26, 19, 25).

**III.     BB&T's motion to strike certain affirmative defenses**

In its motion to strike affirmative defenses filed by defendants pursuant to Federal Rule of Civil Procedure 12(f), plaintiff argues that defendants' affirmative defenses 36 and 37 contained in their answer must be stricken as legally insufficient under Alabama law.(Doc. 22 ¶¶ 3-4). For the reasons below, defendants' said motion to strike will be denied.

"The court may strike from a pleading an insufficient defense or any other redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Pro. 12(f). "[I]t is well established that the action of striking a pleading should be sparingly used by the courts [and] is a drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962); see *Bonner v. Prichard*, 661 F.2d 1206, 1209 (5th Cir. 1981).

In this case, plaintiff correctly states the Alabama law to be that a mortgagee is not required to foreclose the mortgage first

---

incorrect or inadequate to satisfy the [movant]'s initial burden, will deny the motion despite the [nonmovant]'s failure to respond.") (quoting *Branch Banking and Trust Co. v. Howard*, 2013 WL 172903, *1 (S.D .Ala. Jan. 16, 2013)).

10

before pursuing other collection efforts. *Triple J Cattle, Inc. v. Chambers*, 551 So. 2d 280, 282 (Ala. 1989). "A mortgagee, absent an agreement to the contrary, may proceed on all of his remedies at once, or may use those of his remedies that will give him the easiest recovery against the mortgagor." *Triple J Cattle, Inc.* at 282. Here, defendants allege that plaintiff and its predecessor made certain representations to the contrary (Doc. 30 at 2), albeit such representations appear to be oral (Doc. 30 at 3) and contrary to the parties' express written agreements (Doc. 1 at 17, 23; Doc. 22 at 3-4). While discovery may reveal that affirmative defenses 36 and 37 are factually unsupported, at this stage in the litigation the affirmative defenses are sufficient for purposes of Rule 12(f) and therefore defendants' motion to strike will be denied.

## CONCLUSION

For the reasons detailed above, the court will by separate order deny defendants' motion to strike plaintiff's motion to dismiss, grant plaintiff's motion to dismiss defendants' counterclaim, grant plaintiff's motion to strike defendants' jury demand, and deny plaintiff's motion to strike certain of defendants' affirmative defenses. The parties shall proceed to fulfill their obligations under Federal Rule of Civil Procedure 26.

DONE this 16th day of January, 2015.

```
                              _____
                              WILLIAM M. ACKER, JR.
                              UNITED STATES DISTRICT JUDGE
```