IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BRANCH BANKING AND TRUST COMPANY, | } } } | |
| Plaintiff, | } } | CIVIL ACTION NO. 2:14-CV-01578-WMA |
| v. | } } | |
| EBR INVESTMENTS LLC, et al., | } } | |
| Defendants. | } } | |

**MEMORANDUM OPINION**

Before the court is a motion for summary judgment filed by plaintiff Branch Banking and Trust Company ("BB&T") on March 27, 2015 (Doc. 44) in its above entitled action to enforce a promissory note against its maker, defendant EBR Investments LLC ("EBR") and its guarantors, defendants Stewart Dudley ("Dudley") and SRD Assurance Corporation ("SRD").[1] In their response to plaintiff's motion, defendants do not dispute the essential elements of BB&T's claims, but rather rely on a declaration by Dudley to support two purported affirmative defenses, namely, that BB&T and its predecessor Colonial Bank[2] promised (1) to renew the loan until

---

[1] This court has previously observed, "[i]t is undisputed by the parties that EBR executed and delivered to plaintiff Branch Banking and Trust ("BB&T") a promissory note with guarantees by Dudley and SRD." (Doc. 34 at 1).

[2] "Colonial failed, and on August 14, 2009, the FDIC assumed control of its assets and liabilities. The FDIC sold many of Colonial's assets and liabilities to BB&T." *Branch Banking & Trust Co. v. Nichols*, 2015 WL 1877666, at *4 (Ala. Apr. 24,

1

certain condominium units were sold and (2) to setoff amounts realized from the sale of condominium units before collecting on the note or guarantees. (Doc. 13 and Doc. 48 at 1-2 and Doc. 48-1 at 3-4). In addition to filing a reply to defendants' response, BB&T filed a separate motion to strike certain portions of Dudley's declaration attached to defendants' response. (Doc. 52). Having been fully briefed by the parties, both motions are now under submission.

For the reasons voiced below, BB&T's motion for final summary judgment will be granted and BB&T's motion to strike will be denied as moot.

"[V]iewing all facts in the light most favorable to the nonmoving party and drawing all reasonable inferences in favor of that party as well . . . [s]ummary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *McCullum v. Orlando Reg'l Healthcare Sys., Inc.*, 768 F.3d 1135, 1141 (11th Cir. 2014).

In this case, as stated consistently by the court, defendants do not dispute the essential elements of BB&T's action to enforce the promissory note and guarantees. Rather, defendants rely on Dudley's declaration to create a genuine issue of material fact. Specifically, defendants rely on Dudley's statement that "a

---

2015).

representative of BB&T reaffirmed the agreement" between Colonial Bank and EBR to renew the loan until certain condominiums were sold and to setoff the sale amounts before collecting from EBR and its guarantors. (Doc. 48-1 at 3-4). BB&T moves to strike this declaration. Assuming that the facts asserted in the declaration are true, BB&T is still entitled to judgment as a matter of law.

As this court previously stated when dismissing defendant's counterclaim based on virtually identical allegations to those in Dudley's declaration, the Alabama statute of frauds extends the general writing and subscription requirements to "[e]very agreement or commitment to lend money, **delay** or **forebear** repayment thereof or to **modify** the provisions of such an agreement or commitment except for consumer loans with a principal amount financed less than $25,000." Ala. Code § 8-9-2(7) (emphasis added); (Doc. 34 at 4-6). Even where a party admits to the existence and substance of an oral contract, "a party cannot create an estoppel bar to raising the Statute of Frauds merely because a party admits, either judicially or extrajudicially, the existence of or the substance of an oral contract within the Statute." *Holman v. Childersburg Bancorporation, Inc.*, 852 So. 2d 691, 696 (Ala. 2002).

In this case, the Alabama statute of frauds bars defendants' reliance on the oral agreement by which plaintiff allegedly was to delay, forebear, or modify the undisputed written and subscribed promissory note and guarantees. Thus, construing Dudley's

3

declaration in the light most favorable to defendants as to the existence and substance of the purported oral agreement, the alleged representations by BB&T and its predecessor Colonial Bank cannot create an affirmative defense, or estoppel bar, to thwart or delay summary judgment. Rather, BB&T conclusively demonstrates that it is the owner and holder of the subject promissory note executed by EBR with a scheduled maturity date of July 5, 2014 and that EBR has failed to pay all amounts due in the amount of $3,372,999.49 as of July 17, 2014, plus a per diem rate of interest of $392.85 accruing thereafter.[3] (Doc. 1 and Doc. 44-1). BB&T also demonstrates the existence of guarantees by Dudley and SRD, default by EBR, and nonpayment by Dudley and SRD in the same amount. (Doc. 1 and Doc. 44-1). Further, these guarantees expressly state that they are an "unconditional and irrevocable guaranty of payment" (Doc. 41-1 at 13 and 19), and therefore BB&T as "a creditor may pursue his remedy against the guarantor even without first going against the borrower." *Pilalas v. Baldwin Cnty. Sav. & Loan Ass'n*, 549 So. 2d 92, 94 (Ala. 1989). In the absence of any genuine issue of material fact as to these essential elements of BB&T's claims and defendants' purported affirmative defenses, BB&T is entitled to

---

[3] Although defendants' answer they respond "Denied." and assert BB&T was not "entitled to any of the relief it seeks" (Doc. 13 at 3), "a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

judgment as a matter of law on the promissory note and guarantees.

## CONCLUSION

For the reasons detailed above, the court will by separate order grant plaintiff's motion for final summary judgment thereby mooting plaintiff's motion to strike.

While in BB&T's complaint it requests an award of "court costs and attorney's fees" (Doc. 1 at 5-7), ostensibly based on the note and guarantee provisions stating that borrower/guarantor will pay "reasonable attorneys' fees and costs" (Doc. 1 at 14, 18, 24), it omits this request from what it labels as its "motion for final summary judgment" (Doc 44) and offers no proof of attorneys fees. Therefore, the court considers BB&T's request for attorneys fees as waived or abandoned.

A separate final judgment will be entered.

DONE this 29th day of May, 2015.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE