IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BRANCH BANKING AND TRUST, CO., | } } } | |
| Plaintiff, | } } | CIVIL ACTION NO. 2:14-CV-01578-WMA |
| v. | } } | |
| EBR INVESTMENTS LLC, et al., | } } | |
| Defendants, | } } | |
| DUDLEY, HOPTON-JONES, SIMS, & FREEMAN, PLLP, | } } } | |
| Garnishee. | } | |

**MEMORANDUM OPINION AND CONDITIONAL JUDGMENT**

Garnishee Dudley, Hopton-Jones, Sims & Freeman, PLLP was personally served a writ of garnishment (Doc. 74) on August 4, 2015 at 1:30 PM by the U.S. Marshall. (Doc. 80). Federal Rule of Civil Procedure 69(a)(1) directs that the procedure for execution "must accord with the procedure of the state where the court is located." See *Zelaya/Capital Int'l Judgment, LLC v. Zelaya*, 769 F.3d 1296, 1303 (11th Cir. 2014). Thus, Alabama execution procedure governs. Under ALA. CODE § 6-6-393, upon service of the writ, the garnishee is required to appear and file an answer within 30 days. Per ALA. CODE § 6-6-457, conditional judgment **"must"** be entered against a garnishee who fails to timely appear and answer. Because more than 30 days have passed since garnishee received actual notice, and because garnishee has not made an appearance or filed an answer

1

(the deadline being September 3, 2015), entry of a conditional judgment is mandatory.  Plaintiff has filed a motion for conditional judgment. (Doc. 87).

Based on the foregoing and in accordance with Fed. R. Civ. Proc. 69, plaintiff's motion is **GRANTED** and **CONDITIONAL JUDGMENT** is hereby entered in favor of plaintiff and against garnishee in the amount of $3,396,177.64 plus post-judgment interest at the rate of $392.85 per day.  The clerk is directed to issue to garnishee notice of the conditional judgment granted herein.

DONE this 23rd day of September, 2015.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE